Irving S. Aronin, J.
This is a motion by the defendant to set aside the jury’s verdict in favor of the plaintiff and for a new trial, and to vacate the action of this court in reducing the unanimous verdict of the jury from $35,000 to $10,000, the jurisdictional limitation of this court, without resubmitting the case to the jury with instructions as to the said jurisdictional limitation.
In addition, during' the oral argument of this motion, defendant asserted other grounds for setting aside the verdict, based on objections and motions made with respect to the admissibility of expert medical testimony, damages, and the court’s charge to the jury pertaining to damages. All of the defendant’s arguments, written and oral, will he considered in this decision.
A brief summary of the facts in the instant case is as follows s plaintiff, a 57-year-old woman, was caused to fall down a darkened stairway in the defendant’s commercial building on accumulated debris and cord or twine. Evidence of notice was presented and was for the jury’s consideration. As a result of the occurrence, plaintiff sustained mulitple personal injuries, including a cerebral concussion, injuries to teeth, injuries to both knees, with permanent injury to the right knee, and special damages for medical expenses and loss of earnings in the sum of $3,035. The cause of action for the husband on loss of services was discontinued before trial.
After a three-day trial of this action with a number of witnesses testifying, including three doctors, the jury of 12 received *744 the case and deliberated approximately three hours before returning a verdict for $35,000. This verdict was then reduced by the court to $10,000, the jurisdictional limitation of the court, with the consent of the plaintiff.
The court will first consider the defendant’s primary contention that error was committed by the court in reducing the jury’s verdict from $35,000 to $10,000 without reinstructing the jury and resubmitting the case for further deliberation. In support of this contention, the defendant relies primarily on the case of Abbey Rent A Car v. Moore (30 A D 2d 952 [1st Dept.]) where the majority opinion ordered a new trial after the trial court reduced a verdict in excess of the jurisdictional limitation without resubmitting the case to the jury with appropriate instructions. A strong dissent was written in this case by Mr. Justice Owen J. McGtvebn. It is significant in the Abbey case (supra) that a new trial was necessary in any event because the majority of the court found error in the trial court’s exclusion of the testimony of a witness, and the verdict, even as reduced, was found to be excessive. The court’s holding with respect to reducing the verdict to the jurisdictional limit of the court was therefore merely dictum.
Also strongly stressed by defendant is the case of Daigneault v. Hough (N. Y. L. J., July 18, 1969, p. 9, col. 8 [App. Term, 2d Dept.]) wherein the court, citing the Abbey case (supra) in a similar situation, ordered a new trial on damages only.
Plaintiff relies primarily on the case of Abood v. Hospital Ambulance Serv. (N. Y. L. J., Apr. 4, 1969, p. 17, col. 3), wherein Mr. Justice Chaeles Beckinella, Supreme Court, Kings County, rejected a request for a new trial where the verdict exceeded the sum demanded, provided that plaintiff consented to reduce the verdict to $10,000.
We therefore are once again presented with more or less conflicting opinions between the First and Second Departments. It is to be noted that in the Daigneault case (supra) wherein the Abbey case was cited and relied upon by the Appellate Term, the latter court did not follow the Abbey case, dictum in its entirety and merely ordered a new trial on damages alone. In the Abood case (supra) the court followed the reasoning in the dissenting opinion in the Abbey case. It is apparent, therefore, that the majority dictum in the Abbey case has not been accepted in toto by any long line of Second Department cases. In view of the foregoing, it cannot be said that this court is bound by the principle of stare decisis. Even if stare decisis applied, it is not to be equated with “petrifying rigidity.” (Bing v. Thunig, 2 N Y 2d 656, 667.)
*745 It would be well, perhaps, to re-examine the dictum of the majority in the Abbey case in the light of the present day hue and cry about calendar congestion. Are we to exalt form over substance and retry this case in our already overburdened courts? The comparatively new CPLR has given this court the tools with which to make law an instrument of justice and practicality. Thus, under CPLR 104: “ The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding ”. And under CPLR 2001: “At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded ’ ’, and pursuant to CPLR 2002: ‘ ‘ An error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced.” See, also, CPLR 3025 (subd. [c]) and CPLR 3026 which indicate the present liberal trend. The Abbey case (supra) failed to consider these new sections of the CPLR and cited cases decided many years prior to the promulgation of the CPLR.
If one adopts the strictly technical viewpoint of the defendant, it can be only on the basis that after reinstruction and resubmission the jury might return a verdict less than $10,000. It would defy all reason and logic to speculate that the jury after a unanimous verdict of $35,000 would reduce it to less than $10,000. To hold otherwise would be to fly in the face of common sense and reason and needlessly burden the court with another trial. The cases are legion to the effect that the courts must look to the substance rather than form.
Interestingly, this case was commenced in the Supreme Court, Kings County, and was then transferred to the Civil Court by stipulation, after having been denied a general preference pursuant to that court’s rules. This fact is mentioned merely to indicate that plaintiff’s original pleadings sought damages far in excess of the Civil Court’s jurisdiction; and, even from defendant’s own viewpoint, if the instant motion were granted the case herein might very well be transferred back to the Supreme Court on motion by plaintiff in view of the fact that a jury of 12 returned a verdict for $35,000. It is also interesting to note that the Appellate Division by its own rule may invest the Civil Court with the right to try negligence cases wherein the monetary jurisdiction is in excess of $10,000. Pursuant to CPLR 325 (subd. [d]) plaintiff may, by refusing to consent to reduce the amount of the original demand, be directed to try her case in the Civil Court for the amount she *746 originally sued for, and a judgment in excess of $10,000 would be valid.
If by rule the Appellate Division could empower a lower court to grant judgment in excess of that court’s monetary limitation, then, certainly by all the relevant statutes of the OPLR, a Judge of the Civil Court is empowered to correct and reduce a verdict to the jurisdictional limitation of his own court.
The court will now refer to the defendant’s oral arguments. In its discretion, this court was empowered to and granted a motion to have the proof conform to the pleadings and permitting medical testimony from a treating physician regarding a posttraumatic arthritic condition of the right knee. The court rejected the defendant’s contention during trial that this was improper and prejudicial, in light of the fact that the defendant was well aware of the nature and severity of the multiple injuries sustained, including the injury to the right knee and its claimed permanency. The court’s action is in conformity with the afore-mentioned sections of the OPLR and is in line with the generally accepted practice of liberality with respect to technical requirements. It is specious for defendants to claim surprise since posttraumatic arthritis is a natural sequela of the severe and serious knee injury fully documented in the bill of particulars. There was neither surprise nor prejudice to the defendant; especially so since the defendant through its own physician examined the plaintiff.
The defendant’s contention that an expert treating physician cannot testify to the reasonable value of another physician’s services is without merit. Furthermore, the bill of particulars alleged that the sum of approximately $1,000 was expended by the plaintiff for medical treatment and expenses, which was in excess of the amount testified to.
The court rejects the defendants’ contention that plaintiff was guilty of contributory negligence as a matter of law. This issue was clearly a question of fact for the jury.
The defendant also contends that this court erred in instructing the jury that doctors do not have to be 100% certain in their medical opinion, only reasonably certain, and in advising the jury that the medical expenses and lost earnings alleged came to a total of $3,035, after first itemizing the amount for each. These contentions are specious.
Defendants’ motion is denied.