*413 OPINION OF THE COURT
Alexander Graves, J.
An objection made during plaintiffs closing statement to the jury has raised an issue on which the court can find little guidance. Plaintiff sued for injuries sustained in a fall on defective pavement in defendant’s parking lot. The case was commenced in the Civil Court and remained in this court. The trial having been bifurcated at the direction of the court, a liability verdict was returned in which plaintiff was found 35% negligent. At the end of the damage trial, plaintiff’s attorney, in his summation, requested that the jury find plaintiff’s damages in the total amount of $40,000. Attorney for the defendant objected, calling attention to the fact that both the ad damnum clause in plaintiff’s complaint and the maximum monetary jurisdiction of the court limit plaintiff’s recovery to $25,000.
Plaintiff agreed, but argued that, in order to be awarded $25,000, the jury would have to find plaintiff’s damages in excess of that amount since the total damages would be reduced in the judgment by 35% representing the percentage of negligence attributable to plaintiff. Neither attorney has been able to provide the court with any authority to support his position, nor has the court been able to find any reported case in which this issue arose.
The finding of the jury in the damages phase of a bifurcated trial is a special verdict, for it is a verdict "in which the jury finds the facts only, leaving the court to determine which party is entitled to judgment thereon.” (CPLR 4111 [a].) The full dollar amount of damages sustained by plaintiff is a fact, and is not subject to limitation by reason of a ceiling on the court’s jurisdiction. When the full amount of damages has been determined, the court will reduce the amount in accordance with the percentages of negligence previously found by the jury. If the reduced amount is less than $25,000, the court will direct the entry of a judgment in the reduced amount. If the reduced amount exceeds the jurisdictional limit of the court, the proper procedure is for the court, upon application of plaintiff, to direct the entry of a judgment in the maximum amount of the court’s jurisdiction (Izzi v Dolgin, 64 Misc 2d 742, discussed in Siegel, 1971 Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 202, 1986 Pocket Part, p 18).
The court perceives nothing objectionable in plaintiff’s attor *414 ney requesting the jury to find plaintiffs full damages to be in the amount of $40,000, that figure being reasonably related to the previous finding on liability, the ad damnum clause in plaintiff’s complaint and the jurisdictional limit of the court. Accordingly, the overruling, from the Bench, of defendant’s objection to this aspect of plaintiffs summation is confirmed.