Durst Pyramid, LLC v Griffin (2020 NY Slip Op 51574(U))

[*1]

Durst Pyramid, LLC v Griffin

2020 NY Slip Op 51574(U) [70 Misc 3d 134(A)]

Decided on December 31, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 31, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570107/20

Durst Pyramid, LLC,
Petitioner-Landlord-Respondent,
against
Kevin Griffin,
Respondent-Tenant-Appellant.

Tenant appeals from two orders of the Civil Court of the City of New York, New York
County (Timmie Erin Elsner, J.), each entered on or about January 15, 2020, after a hearing,
which granted landlord's motion to enforce a stipulation of settlement in a holdover summary
proceeding and conditionally stayed execution of the warrant for five months.

Per Curiam.
Orders (Timmie Erin Elsner, J.), entered on or about January 15, 2020, affirmed, with one
bill of $10 costs.
The evidence adduced at the hearing supports Civil Court's determination that tenant
breached the two-attorney, so-ordered stipulation settling the underlying holdover proceeding (see Hotel Cameron, Inc. v Purcell, 35
AD3d 153, 155 [2006]). The unrebutted evidence, fairly interpreted, established that tenant
violated the term of the stipulation that required him to refrain from "harassing other tenants in
the building, following them and/or making them feel uncomfortable and fear for their safety," by
engaging in various episodes of antisocial behavior during the probationary term including
"sp[itting] at," lurking, whistling and following a female tenant as she exited the building and
approaching her so closely that his "face could have touched her face" (see Domen Holding
Co. v Aranovich, 1 NY3d 117, 124-125 [2003]). Contrary to tenant's claim, a fair
interpretation of the evidence supports the conclusion that the breach was substantial.
Additionally, the loss of possession of the premises is not a forfeiture. Rather, it is "the
contracted-for . . . consequence of the tenant['s] own failure to do that which [he] promised to
do" (1029 Sixth v Riniv Corp., 9
AD3d 142, 150 [2004], lv dismissed 4 NY3d 795 [2005]).
We do not find that there was any error warranting reversal when the court refused to hear
the testimony of tenant's social worker, who, according to the offer of proof, had no knowledge
of tenant's compliance with the stipulation or any of the incidents underlying landlord's case in
chief. Rather, the social worker's testimony was offered regarding the "effect an eviction would
have on [tenant's] life," and, in the event the Court ruled in favor of landlord, the "length of the
[*2]stay the Court would grant." Most significantly, while
declining to hear the social worker's testimony at the hearing, the Court indicated that if it
ultimately ruled that tenant breached the stipulation, it would invite submission of papers as to
the length of the stay, including an affidavit from the social worker, and tenant's counsel voiced
no objection to this procedure.
In any event, even assuming there was error, we find the error harmless in the particular
circumstances of this case, since an extended stay was granted, tenant is still in possession and a
motion is presently pending in Civil Court seeking a determination as to whether tenant is
entitled to an extended or permanent stay of the warrant of eviction or a "reasonable
accommodation" based upon an alleged mental disability (see Matter of Prospect Union Assoc. v DeJesus, 167 AD3d 540,
543 [2018]).
We have considered tenant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.
I concur I concur I concur
Decision Date: December 31, 2020