David A. Kaminsky & Assoc., P.C. v Brenner (2020 NY Slip Op 51573(U))

[*1]

David A. Kaminsky & Assoc., P.C. v Brenner

2020 NY Slip Op 51573(U) [70 Misc 3d 134(A)]

Decided on December 31, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 31, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

571244/18

David A. Kaminsky & Associates, 
 P.C., Plaintiff-Respondent,
against
Steven Brenner,
Defendant-Third-Party Plaintiff-Appellant, David A. Kaminsky, Third Party
Defendant-Respondent.

Defendant appeals from an order of the Civil Court of the City of New York, New York
County (Sabrina B. Kraus, J.), entered August 9, 2019, and a judgment (same court and Judge),
entered August 13, 2019, after a hearing, awarding plaintiff attorneys' fees in the principal sum of
$45,606.40.

Per Curiam.
Judgment (Sabrina B. Kraus, J.), entered August 13, 2019, reversed, with $30 costs, that
determination vacated, and matter remanded to Civil Court for entry of an order transferring the
action to Supreme Court, New York County unless, within 30 days of the order entered hereon,
plaintiff serves and files in the court below a stipulation signed by plaintiff, consenting to reduce
the judgment to the principal sum of $7,534.32, in which event the judgment, so modified, is
affirmed without costs. Appeal from order (Sabrina B. Kraus, J.), entered August 9, 2019,
dismissed, without costs, as subsumed in the appeal from the judgment.
In 2018, Civil Court granted plaintiff summary judgment in this plenary action seeking
$17,465.68 for legal services rendered under a retainer agreement and set the matter down for a
hearing to determine the amount of legal fees incurred by plaintiff in prosecuting this action. This
Court affirmed (see David A. Kaminsky
& Assoc., PC v Brenner, 64 Misc 3d 129[A], 2019 NY Slip Op 51028[U] [App
Term, 1st Dept 2019]).
With respect to the fees incurred in prosecuting this action, plaintiff's October 2011
complaint sought $2,500 for this element of damages. However, after a hearing, the Court found
that after some eight years of contentious litigation that was "unnecessarily and unreasonably
[*2]prolonged by [d]efendant's conduct," plaintiff was entitled to
fees in the amount of $45,606.40.
Where, as here, an action is commenced seeking damages within the $25,000 monetary
jurisdictional limit of the Civil Court (see CCA 202), but the plaintiff establishes
entitlement to recover a greater amount, the court retains jurisdiction, provided plaintiff consents
to a reduction of the judgment (see Izzi v Dolgin, 42 AD2d 966 [1973], reinstating
judgment 64 Misc 2d 742 [Civ Ct, Kings County 1970]; Bing v Fairfield Presidential Mgt. Corp., 5 Misc 3d 130[A], 2004
NY Slip Op 51297[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; see Kevin
Anthony Reilly, Practice Commentaries, McKinney's Cons Laws of NY, CCA 202 [2019]). Since
plaintiff has already recovered $17,465.68, plaintiff must stipulate to reduce its recovery for fees
incurred in this litigation to the sum of $7,534.32, so that plaintiff's recovery on its single cause
of action is within the monetary jurisdictional limit of Civil Court (see CCA 202, 211; Bay Crest Assn. v Paar, 47 Misc 3d
9 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). If plaintiff does not consent, Civil
Court shall transfer the matter to the Supreme Court pursuant to Article VI, § 19[f] of the
New York State Constitution.
We note that defendant did not object, at any time during the proceedings below, that Civil
Court was acting beyond its monetary jurisdiction. This failure to object not only deprived Civil
Court of an opportunity to rule accordingly, but resulted in a significant waste of the parties' and
the Court's resources. Nevertheless, since this is a matter of subject matter jurisdiction (see
Marine Midland Bank v Bowker, 89 AD2d 194 [1982], affd 59 NY2d 739 [1983]), it
may be raised at any time, even for the first time on appeal, and may not be waived (see
Lacks v Lacks, 41 NY2d 71, 75 [1976]).
We have examined defendant's remaining contentions and find them to be improperly raised
for the first time on appeal or without merit.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: December 31, 2020