### DREXLER et al. v. COHEN.

(Supreme Court, Appellate Term. February 7, 1908.)

ABATEMENT AND REVIVAL—IDENTITY OF CAUSE OF ACTION.

An action for rent may be brought for each installment of rent as it falls due; but it must embrace all the installments due when suit is commenced, they forming an indivisible cause of action, and so, where several actions are brought thereon, the pendency of one is a good defense to the others.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, § 43.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Hudes Drexler and another against Solomon Cohen for rent. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J.; and SEABURY and GERARD, JJ.

Isidor Cohn, for appellant.

PER CURIAM. This action is between the same parties as calendar No. 110 (108 N. Y. Supp. 679) and is brought to recover rent for the same premises referred to in that action from October 1, 1906, to October 1, 1907. The first action was commenced in October, 1907, at which time the rent sued for in this second action had accrued. The pendency of the former action was set up by oral pleading. Defendant's counsel moved to dismiss the complaint. The court rendered judgment for the plaintiffs.

An action for rent on a lease may be brought for each installment of rent as it falls due; but it must embrace all the installments due at the commencement of the action, and the claim for several installments of rent due under the same lease and all due at the time of the suit constitutes an indivisible cause of action. When several actions are brought thereon, the pendency of one action is a good defense in the others. The complaint should have been dismissed.

Judgment reversed, and complaint dismissed, with costs.