### DUSENBURY v. HABISREITINGER.

(Supreme Court, Appellate Term. May 4, 1911.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—SPLITTING CAUSE OF ACTION—RENT—INSTALLMENTS.

The rule that a claim for several installments of rent due under the same lease, and all due at the time of the suit, is an indivisible cause of action, applies even where the installments due at the commencement of the action aggregate more than the amount for which the Municipal Court could give judgment, unless a suit is at the time pending for the recovery thereof, or other special circumstances exist.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Mabel C. Dusenbury against Alois Habisreitinger. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Abraham Wielar, for appellant.
Low, Miller & Low, for respondent.

LEHMAN, J. The plaintiff has recovered judgment for rent due on the 1st days of November, December, and January. The defendant did not deny his liability for rent for the months of December and January, but showed that the plaintiff had brought an action for rent for the months of August, September, and October on the 15th day of November, and he claims that the judgment in that action bars any recovery for the November rent, payable on the 1st day of November.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"An action for rent on a lease may be brought for each installment of rent as it falls due; but it must embrace all the installments due at the commencement of the action, and the claim for several installments of rent due under the same lease and all due at the time of the suit constitutes an indivisible cause of action." Drexler v. Cohen, 108 N. Y. Supp. 680.

The trial justice, however, apparently held that this rule did not apply where the installments due at the commencement of the action aggregate more than the amount for which the Municipal Court could give judgment, relying upon a statement in the opinion in Seed v. Johnston, 63 App. Div. 340, at page 343, 71 N. Y. Supp. 579, at page 580, that:

"Each action should include every installment due when it is commenced, unless a suit is at the time pending for the recovery thereof, or other special circumstances exist."

It seems to me that, while under special circumstances all the installments due under a contract may not constitute an "indivisible cause of action," where, as in this case, no such special circumstances exist, the plaintiff could not divide up her single cause of action merely for her convenience in seeking a forum.

It follows that the judgment should be modified, by deducting therefrom the sum of $166.66, and, as modified, should be affirmed, with costs of this appeal to appellant.    All concur.