ISIDOR ROHATINER, Appellant, v. THE TRAVELERS INSURANCE COMPANY, Respondent.— Action to recover benefits provided for in two policies of life insurance in the event that the insured became wholly disabled by bodily injuries or disease and would be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit. Order of the Appellate Term, reversing a judgment of the City Court of the City of New York on the law and dismissing the complaint, modified on the law and the facts by striking from the decretal paragraph everything following the word " reversed " and by inserting the following in place thereof: " upon the law and the facts and a new trial ordered." As thus modified, the order is unanimously affirmed, with costs in all courts to abide the event. Judgment of the City Court of the City of New York, entered upon the order of the Appellate Term, vacated, without costs. In the light of the facts that in any event a second trial of plaintiff's claim for the period subsequent to that for which he originally sought judgment in the Municipal Court action would have been necessary, and that the amendment of the Municipal Court action was granted without prejudice to any further sums of money which might be due to plaintiff under the provisions of the policies up to the time of the making of the motion to amend, we are of opinion that special circumstances obtained which justify the inapplicability of the rule with respect to split causes of action. (*Lorillard* v. *Clyde*, 122 N. Y. 41, 45; *Levy Co., Inc.*, v. *Columbia Overseas Corp., No. 2*, 202 App. Div. 674; *Woods* v. *Bard*, 285 N. Y. 11; *Dusenbury* v. *Habisreitinger*, 72 Misc. 61.) We are of opinion, however, that the verdict was against the weight of the credible evidence. Further, statements of the trial court during the course of the trial to the effect that golf playing would not preclude plaintiff from recovering, that the testimony as to his activities and his right to do all the things which other people do under ordinary circumstances would not prevent recovery, his reference to the conscience of one of defendant's investigators and inquiries with respect to the purpose for which the plaintiff was trailed were erroneous and prejudicial. It was error also, in the light of the fact that per-

manency was alleged and plaintiff accepted the burden of so proving, to charge that disability for a period of three months was acceptable as to permanency, where the pertinent provision in the policies was predicated upon a case which is not susceptible of proof of permanency when claim is presented. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.