■ EMANUEL FELDBERG, Appellant, v. HOWARD FULTON STREET, INC., Defendant-Respondent and Third-Party Plaintiff. BRENTWOOD SPORTSWEAR, Third-Party Defendant.— In a personal injury action resulting from the burning of a sport shirt worn by plaintiff and purchased by him from defendant, in which the defendant interposed a third-party complaint against Brentwood Sportswear as third-party defendant, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered May 7, 1962 upon a jury's verdict after trial, as was in the defendant's favor. Judgment, insofar as appealed from, reversed on the law, with costs to plaintiff; third-party action severed; and a new trial ordered as between plaintiff and defendant Howard Fulton Street, Inc. It was error to permit the experts, over the plaintiff's objection, to give their opinion that the shirt was of merchantable quality and that its material made it reasonably fit for use as a shirt. These conclusions embraced the very issues to be decided by the jury (Personal Property Law, § 96). With the facts before them, the jury could draw their own conclusions; it was their sole province to do so (*Dougherty* v. *Milliken*, 163 N. Y. 527, 533). It was also erroneous, in the context of this case, to charge the jury that the rule relating to the inferences to be drawn from the failure to call witnesses in the power of a party so to do, applies to experts. There is no evidence that the plaintiff even consulted an expert, much less that, within the requirement of the rule, an expert was in his control. Under the circumstances the jury may have been misled to the plaintiff's prejudice. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ PIERRE HENRY, an Infant, by IRMA MILES, His Guardian ad Litem, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In a negligence action to recover damages for personal injury sustained by the infant plaintiff, a student at a junior high school operated by the defendant, as the result of an assault in the school corridor upon him by another pupil in the immediate presence of a teacher; and by his mother, to recover damages for loss of services and medical expenses, the plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered June 15, 1962 after a jury trial, in favor of the defendant, dismissing the complaint at the close of plaintiffs' case for failure of proof. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. Examination of the record discloses that by reason of the Trial Judge's undue participation in the trial, the plaintiffs were impeded in adducing the proof needed to establish a prima facie case. Under all the circumstances, the plaintiffs did not have a fair trial, and a new trial is required, in the interests of justice (cf. *Levy* v. *Reilly*, 18 A D 2d 632; *Kamen Soap Prods. Co.* v. *Prusansky & Prusansky*, 11 A D 2d 676; *Whitehead* v. *Mutual Ins. Co.*, 264 App. Div. 647, 648–649; *Rohatiner* v. *Travelers Ins. Co.*, 264 App. Div. 726; *Brown* v. *Loeser & Co.*, 244 App. Div. 819). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.