■ LOUIS DI BENEDETTO, Appellant, v. LASKER-GOLDMAN CORP. et al., Respondents, et al., Defendant.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered April 4, 1973, as is in favor of respondents and against plaintiff, upon the trial court's dismissal of the complaint during the course of the trial. Judgment reversed insofar as appealed from, on the law and in the exercise of discretion, without

costs, action severed and new trial granted as between plaintiff and respondents, and plaintiff is given permission to serve an amended complaint and bill of particulars as to the issue of liability. No questions of fact were presented on this appeal. Plaintiff's trial testimony concerning the accident was at variance with the allegations contained in his complaint and bill of particulars. However, respondents had notice of the new claims by virtue of plaintiff's testimony at his examination before trial and did not claim surprise. The trial court permitted one amendment of the pleadings after the opening statements, but refused a latter request for another amendment and dismissed the complaint during defense counsel's cross-examination of plaintiff. This was error. The CPLR mandates liberality in the construction and amendment of pleadings (CPLR 3025, 3026). As respondents were apprised of the theory upon which plaintiff was proceeding and claimed no surprise, plaintiff should have been permitted to amend his pleadings to conform to the proof (*Blair* v. *New York Univ. Coll. of Dentistry*, 15 A D 2d 211; *Dittmar Explosives* v. *A. E. Ottaviano, Inc.*, 20 N Y 2d 498; *Averill* v. *Atkins*, 32 A D 2d 738). Martuscello, Acting P. J., Latham, Benjamin and Munder, JJ., concur; Shapiro, J., not voting.