■ ELEANOR M. ISKOVITZ et al., Appellants, v TIGRAN ARRATHOON, Defendant and Third-Party Plaintiff-Respondent. SEE & HEAR T. V. SERVICE & RECORDS, INC., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered June 24, 1976, which is in favor of defendant and against it, upon the trial court's dismissal of the complaint at the close of plaintiffs' case, at a jury trial. Judgment reversed, on the law and in the interest of justice, without costs or disbursements, and new trial granted as to all causes and between all parties. Plaintiffs are directed to serve a supplemental bill of particulars in accordance herewith within 20 days of the date of entry of the order to be made hereon. Plaintiffs alleged in the complaint that the sidewalks and trash baskets were under defendant Arrathoon's maintenance and control; further, that plaintiff's fall was caused solely because of the negligence of the defendant "in that the sidewalks and trash baskets were caused to become wet, slimey *[sic],* slippery and dangerous". In their bill of particulars, however, plaintiffs did not mention the trash baskets. At the trial the plaintiffs were precluded from calling witnesses to testify (1) that the refuse from the trash baskets almost continually leaked from the mesh holes in the receptacles onto the sidewalks and (2) that the design of the trash cans was inadequate to contain the type of trash deposited in them. It is clear that both the complaint and defendant Arrathoon's examination before trial apprised him that the condition of the trash baskets was at issue on the question of his negligence. The design of the trash cans only went to show that liquid matter could escape from the cans—it was not an attempt to introduce a new theory of recovery. It was, therefore, error to dismiss the complaint (cf. *Di Benedetto v Lasker-Goldman Corp.,* 46 AD2d 909). In the interest of orderly procedure, plaintiffs should serve a supplemental bill of particulars which shall include a statement of the alleged defective design of the trash baskets (see CPLR 3043, subd [a], par [3]). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.