## SECOND DEPARTMENT, AUGUST, 1981)

### (August 3, 1981)

■ HENRY COOPER, II, an Infant, by HENRY COOPER, His Father and Natural Guardian, et al., Appellants, v SMITHTOWN CENTRAL SCHOOL DISTRICT (ACCOMPSETT JUNIOR HIGH SCHOOL), Respondent. — In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered September 3, 1980, which is in favor of defendant, upon the trial court's dismissal of the complaint "(without prejudice)", at the conclusion of the plaintiffs' case, at a jury trial on the issue of liability. Judgment reversed, and new trial granted, with costs to abide the event. The plaintiffs proved that the infant plaintiff was injured while walking on the outside stairs of a school building when a piece of glass, which was resting on a step along with other debris, penetrated his sneaker, inflicting a wound in his foot. There was testimony from the infant plaintiff, as well as from another witness, that the debris had remained on the stairs for several months before the accident. Trial Term dismissed the complaint at the end of the plaintiffs' case for failure to

make out a prima facie case, in that there was insufficient proof of the length of time that the particular piece of glass had existed on the stairs prior to the injury, and that, consequently, notice, either actual or constructive, to the defendant had not been established. It is not necessary that proof of notice of the continuing existence of a particular part of debris causing injury be demonstrated, when the proof is that debris as a general condition had existed on the premises for a period of time sufficient to constitute constructive notice (see, e.g., *Berg v Prager,* 246 NY 606; *Lefkowitz v 144 West Corp.,* 277 App Div 1143; *Iskovitz v Arrathoon,* 57 AD2d 546). Here, the plaintiffs' proof met that standard, and the complaint should not have been dismissed on the ground that plaintiffs had failed to establish a prima facie case. Hence, we reverse and remit for a new trial. Hopkins, J.P., Gibbons, O'Connor and Thompson, JJ., concur.