■ SCHAFFER STORES COMPANY, INC., Respondent, v GRAND UNION COMPANY, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered September 2, 1982 in Albany County, which granted plaintiff's motion to strike defendant's affirmative defenses and for summary

---

judgment on its first cause of action, and (2) from the judgment entered thereon. In June, 1978, plaintiff brought suit against defendant in the City Court of the City of Albany for the sum of $2,979.16, allegedly due as the monthly rental installment for the month of June under an express oral agreement to extend the existing written lease between the parties for one year, from June 1, 1978 to May 31, 1979, at an annual rental of $35,750. Defendant's answer set forth only a general denial. After trial, the City Court awarded judgment in favor of plaintiff, specifically finding the existence of the oral contract for the one-year extension of the prior lease under the rental terms alleged in the complaint. That judgment was affirmed on appeal to the County Court of the County of Albany and in a subsequent appeal to this court (*Schaffer Stores Co. v Grand Union Co.,* 84 AD2d 614, app dsmd 56 NY2d 570). In the instant action, plaintiff seeks judgment on its first cause of action for the balance of the one-year rental under the same oral agreement and expressly alleges the prior City Court judgment. Defendant's answer interposes a general denial together with various affirmative defenses, including the Statute of Frauds, lack of authority of the agents to enter into the agreement, and the failure of plaintiff to mitigate damages. After the exchange of pleadings, plaintiff moved for summary judgment on its first cause of action and set forth in the moving papers evidentiary facts in admissible form which prima facie established that cause of action. Defendant's opposing papers consisted only of its attorney's affirmation which disputed the legal effect of the prior judgment to establish the existence of the oral agreement extending the lease, and averred in conclusory fashion that "[t]he issues raised by the answer herein, including all of the affirmative defenses, raise questions of fact which prevent summary judgment." Special Term held that defendant was collaterally estopped by the prior judgment from contesting the existence, validity, and terms of the oral lease, and, therefore, granted summary judgment. This appeal by defendant ensued. We conclude that Special Term correctly applied the doctrine of collateral estoppel in the instant case. Plaintiff had the right to sue in the City Court for only the amount of the monthly installment of rent then due under the lease extension agreement; indeed, since only the June installment was due, that was the only amount for which plaintiff could have sued (*Kennedy v City of New York,* 196 NY 19; *McCready v Lindenborn,* 172 NY 400). The sum due under the June installment was well within the City Court's monetary jurisdictional limits. Since, under plaintiff's pleadings, the amount claimed was only payable insofar as it was an installment of the one-year lease extension for the annual rental of $35,750, plaintiff had to prove, and City Court had to find, that the agreement existed and contained those terms. Thus, plaintiff sustained its burden of showing identity of issues and necessity of decision (*Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 17-18; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Thus, defendant's contention that City Court exceeded its jurisdiction by in effect granting a judgment declaring the rights of the parties is as unavailing here as defendant's similar argument, in the prior appeal, that by establishing the annual rental of $35,750, City Court exceeded its monetary jurisdiction (*Schaffer Stores Co. v Grand Union Co., supra*). Clearly also, defendant has failed to sustain its burden of showing that it lacked a full and fair opportunity to litigate the issues in the prior proceeding. In fact, the record before us establishes that it vigorously contested the factual issues concerning the lease extension agreement in the City Court. Its failure to interpose various affirmative defenses in the City Court action (thereby waiving them) is of no moment

here. The City Court had jurisdiction to entertain those defenses (Uniform City Court Act, §§ 905, 1002). Additionally, the conclusory averments in defendant's attorney's affirmation were insufficient to raise any triable issue of fact with respect to such affirmative defenses (*Zuckerman v City of New York,* 49 NY2d 557). For the foregoing reasons, the granting of summary judgment by Special Term should be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.