■ MEDECON OFFICE SYSTEMS, INC., Respondent, v PATTERSON, ZIMMERMAN AND HODES, M.D., P. C., Appellant.—In an

action to recover damages for breach of contract, the defendant appeals from an amended judgment of the Supreme Court, Westchester County (Reilly, J.H.O.), dated December 9, 1988, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $9,223.15.

Ordered that the amended judgment is affirmed, with costs.

The plaintiff entered into a contract with the defendant, a professional corporation, to provide medical billing services. Sometime in May 1985 the defendant notified the plaintiff by telephone that it was switching to an in-house billing service and was canceling the plaintiff's service. The plaintiff agreed to continue its services for the defendant until July 31, 1985. The defendant sent a letter confirming this oral agreement. On June 21, 1985, however, the plaintiff ceased servicing all of its customers and did its last billing of the defendant's account based on the defendant's records through June 14, 1985.

We agree with the Judicial Hearing Officer's conclusion that since the service contract was divisible, the plaintiff was entitled to recover the contract price for all work, labor, and services performed up to June 21, 1985, amounting to $9,223.15 *(see generally, Portfolio v Rubin,* 233 NY 439, 444-445; *Dour v Village of Port Jefferson,* 89 Misc 2d 146).

With regard to the defendant's counterclaim, we find that the Judicial Hearing Officer correctly concluded that the contract explicitly precluded the defendant from recovering consequential damages. Thus, the court correctly limited the defendant's recovery on the counterclaim to the principal sum of $3,840, representing the damages sustained by the defendant because of the plaintiff's failure to provide services to it from June 21, 1985, to July 31, 1985. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.