■ GLORIA WEISBERG et al., Appellants, v MY MILL HOLDING CORP., Doing Business as MILLIE'S PLACE, Respondent, et al., Defendant. [613 NYS2d 680] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered on August 3, 1992, which is in favor of the defendant My Mill Holding Corp., d/b/a Millie's Place, and against them upon a trial ruling dismissing the plaintiffs' complaint at the close of plaintiffs' case.

Ordered that the judgment is reversed, on the law, and a new trial granted, with costs to abide the event.

While lunching with friends at the defendant's restaurant, Gloria Weisberg slipped and fell, sustaining personal injuries. Mrs. Weisberg and her husband then brought this action, contending that she slipped and fell because the highly polished wood floor of the restaurant was wet and slippery.

At a trial held before a jury, the plaintiffs presented evidence that the water had spilled onto the floor from dripping trays carried by the respondent's employees. The respondent's counsel cross-examined the witnesses at length regarding the allegations that they had seen water dripping from trays and

that there was an accumulation of water on the floor. At the close of the plaintiffs' case, the respondent moved to strike all testimony relating to the water dripping from the trays, as no such allegations had been made in the pleadings. The trial court granted the motion, and, after denying the plaintiffs' motion to conform the pleadings to the proof, granted the respondent's further motion to dismiss the plaintiffs' complaint for failure to make out a prima facie case.

We find that the trial court abused its discretion in denying the plaintiffs' motion to conform the pleadings to the proof. There was no basis for the trial court's conclusion that the respondent was genuinely surprised by the testimony concerning water dripping from trays carried by waiters, since the record reveals that the plaintiffs' contentions relating to the dripping water had emerged during Mrs. Weisberg's deposition. As the respondent was apprised of the facts and the theory upon which the plaintiffs was proceeding, the plaintiffs should have been permitted to amend their pleadings to conform to the proof (see, Di Benedetto v Lasker-Goldman Corp., 46 AD2d 909, 910; cf., DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236). Moreover, as the testimony concerning the dripping water was admitted with the acquiescence of the respondent, it cannot later claim surprise or prejudice (see, Murray v City of New York, 43 NY2d 400, 405). Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.