OPINION OF THE COURT
Kenneth L. Gartner, J.
This motion compels this court to apply the criticized but controlling feudal concept of “independent covenants” to an action for unpaid condominium charges and assessments. This motion also raises a novel issue regarding the fundamental nature of this court’s jurisdiction: Where the amount sought by a plaintiff in a contract action although within this court’s jurisdictional limits when the action was commenced, has now grown to a sum in excess of this court’s usual jurisdictional level, may this court nonetheless enter a judgment by treating the subsequently accruing contractual installments as separate causes of action? For the reasons set forth below, this court answers this question affirmatively.
The plaintiff Board of Managers of a condominium brought the instant action to collect amounts owed by the defendant for monthly condominium common charges, special assessments, late charges and interest. The plaintiff moved for summary judgment. By prior order, a Judge of this court denied the plaintiff’s motion for summary judgment. The ground given was that by the time of the making of the summary judgment motion, the amount of unpaid charges had increased. The total sum sought had thus increased, and therefore differed from that stated in the ad damnum clause of the complaint.
*355 The plaintiff here seeks reargument, and, upon reargument, a grant of its motion for summary judgment.
Reargument is granted. A mere variance between the amount sought in the ad damnum of a complaint and the sum supported by the evidence on a summary judgment motion is no ground for denying that motion. Since a summary judgment motion is the procedural equivalent of a trial, this court has the discretion to invoke the provisions of CPLR 3025 (c) and permit the pleadings to be deemed amended to conform to the evidence. (Thailer v LaRocca, 174 AD2d 731 [2d Dept 1991]; Werner v Katal Country Club, 234 AD2d 659, 661 [3d Dept 1996].) Neither the fact that a proposed amendment would increase the amount of damages, nor the fact that it would even add a new cause of action, would be sufficient argument against allowing such an amendment. (See, e.g., Rosen v Goldberg, 28 AD2d 1051 [3d Dept 1967], affd 23 NY2d 791 [1968] [proper to permit amendment of complaint to conform to evidence so as to allow recovery by wife of support payments which accrued subsequent to commencement of action]; Moore v Richmond Hill Sav. Bank, 117 AD2d 27 [2d Dept 1986] [proper to permit amendment of complaint to add conversion and money had and received causes of action to that for breach of contract].) Such amendment should be granted in the absence of proof by the opposing party that it has been surprised or prejudiced. (Hawkings v Brooklyn-Caledonian Hosp., 239 AD2d 549 [2d Dept 1997], lv dismissed 91 NY2d 887 [1998].) In fact, in the absence of such a showing, it would be error to refuse to grant a requested amendment. (Weisberg v My Mill Holding Corp., 205 AD2d 756 [2d Dept 1994]; Di Benedetto v Lasker-Goldman Corp., 46 AD2d 909 [2d Dept 1974].)
On reargument, this court grants summary judgment to the plaintiff, and deems the complaint amended to include all sums sought.
The plaintiff is substantively entitled to recover for the unpaid common charges and assessments. The defendant has withheld payment of these sums because of his claim that he has experienced persistent leaks and water damage as a result of problems with the roof and skylights of his condominium which, pursuant to the by-laws, it is the plaintiffs obligation to repair. This does not set forth a cognizable defense. A condominium unit owner may not withhold payment of common charges and assessments based on defective conditions in the unit or in common areas. Because of the nature of condomin *356 ium ownership (which is akin to real property ownership) the condominium manager is not a “landlord” for purposes of the statutory warranty of habitability. (Frisch v Bellmarc Mgt., 190 AD2d 383 [1st Dept 1993]; accord, Board of Mgrs. v Baker, 244 AD2d 229 [1st Dept 1997].) When these types of assertions are the only things raised in defense, summary judgment for the condominium manager is required. (Supra.) Counterclaims involving the condominium manager’s failure to make necessary repairs to the property are also not “inextricably interwoven” and “inseparable” from the issues raised in the main suit so as to require a stay of entry of the judgment pending resolution of the counterclaims. (Board of Mgrs. v Jagwani, 250 AD2d 717 [2d Dept 1998]; Rivermist Assn. v Davis, 251 AD2d 1039 [4th Dept 1998].) This rule has been criticized as creating an “oppressive scenario” similar to the “feudal concept of ‘independent covenants’ ” which prevailed in the landlord-tenant domain prior to enactment of the statutory warranty of habitability, pursuant to which a landlord could evict a tenant for nonpayment of rent even while ignoring his own obligations of repair and maintenance. (Goldsmith, 1998 Supp Practice Commentary III [A] [2], McKinney’s Cons Laws of NY, Book 49, Real Property Law art 9-B, 2000 Pocket Part, at 179.) However, it took legislative action to modify this feudally rooted common-law doctrine in the landlord-tenant sphere. It presumably would take the same to modify the doctrine in the condominium area.
Thus, the substantive determination is straightforward. The more perplexing question is whether this court now has jurisdiction to grant to the plaintiff the relief requested.
When plaintiff commenced this action, defendant then owed common charges in the amount of $12,080.30. When plaintiffs motion for summary judgment was originally brought, defendant still owed all the amounts alleged in the complaint plus approximately 2V2 years of additional unpaid common charges. The plaintiff sought to recoup the entire amount owed by defendant, including the portion which accrued between commencement of this action and service of plaintiffs motion. The total amount thus sought came to $22,985.39.
Pursuant to UDCA 202, this court’s jurisdictional limit is $15,000. While this jurisdictional limit is exclusive of interest and costs, where the principal sum sought has increased due to the passage of time to an amount in excess of this court’s jurisdictional limit, it would at first blush appear as if this court no longer has the jurisdiction to render to the plaintiff *357 the judgment sought. Since this court, unlike New York City Civil Court, has not the power to transfer such a case to the Supreme Court, this court’s choices would appear limited to (1) dismissing the case; (2) staying proceedings to await a motion by the plaintiff in Supreme Court for removal pursuant to CPLR 325 (b); or (3) denying the plaintiff’s request for an upward amendment of the ad damnum to include all the subsequently accrued common charges and assessments, entering judgment in favor of the plaintiff limited to the specific sum sought in the original complaint, and then leaving the plaintiff to commence an action for the subsequently accrued sums in a new action. That new action would fall within the jurisdictional limit of this court and in it the plaintiff would be entitled to summary judgment for the same reasons that it is entitled to summary judgment in this action, plus the additional ground of collateral estoppel.
Any of these alternatives would be unfair to the plaintiff, and would illogically tax the resources of both the parties and the judicial system.
In fact the latter option would be available solely because, when sums are due in installments or periodically under a single written instrument, a party is bound when bringing suit to unite in a single cause of action all sums then due, or under the “splitting” doctrine to be barred from thereafter suing for them; but those installments or charges which thereafter accrue may be the subject of a subsequent suit. This is so because each subsequent installment “creates a separate and distinct cause of action.” (Kennedy v City of New York, 196 NY 19, 25 [1909]; Schaffer Stores Co. v Grand Union Co., 94 AD2d 883 [3d Dept 1983].) A claim for an installment due under an installment contract is thus a sort of hybrid: viewed retrospectively, together with the other installments which have already come due, as a single cause of action for purposes of the “splitting” doctrine (see, 2A Carmody-Wait 2d, NY Prac’ch 16 [1998]); but viewed prospectively, as a separate cause of action for purposes of accrual, limitations, et al.
Under UDCA 211 “[w]here several causes of action are asserted in the complaint, and each of them would be within the jurisdiction of the court if sued upon separately, the court shall have jurisdiction of the action,” and “[i]n such case judgment may be rendered by the court in excess of $15,000 if such excess result solely because of such joinder.” The question posed here is which view of installment claims will prevail for purposes of deciding whether the jurisdictional limit of this court has been exceeded.
*358 Required as it is here to decide this novel issue, this court rules that the various installments sought here by the plaintiff may in fact be viewed as separate “causes of action” — or at least, the subsequently accruing installments may be viewed as a cause of action distinct from those which had accrued at the time of the action’s commencement — just as they would be if a new action were now commenced. The rule of “splitting” is a judicially created concept meant to avoid multiplicitous and vexatious litigation. To apply it on the instant facts would have exactly the opposite effect. This is a situation in which the Appellate Division has recognized that “special circumstances” exist which justify the inapplicability of the “splitting” doctrine. (Rohatiner v Travelers Ins. Co., 264 App Div 726 [2d Dept 1942] [“Special circumstances” to not apply the “splitting” doctrine exist where, inter alia, “in any event a second trial of plaintiff’s claims for the period subsequent to that for which the originally sought judgment in the Municipal Court action would have been necessary”].) This court does therefore have jurisdiction to grant the judgment requested.
This court is aware that there is contrary extant authority. In Hartley v Paul Props. (88 Misc 2d 205 [Binghamton City Ct 1976]), the City Court determined that where additional damages accrued under a contract subsequent to the commencement of the action, a second action for those later-accrued damages could not result in a recovery which would bring the total recovered to more than the jurisdictional limit of the court in which both actions had been commenced. However, it is the opinion of this court that the Legislature did not intend to create a situation in which a defendant could through delaying tactics either defeat entirely the jurisdiction of the court in which a plaintiff was originally compelled to proceed, or alternatively through those same delaying tactics require a multiplicity of litigation in order to achieve judgment for the full amount due.
Accordingly, the complaint is deemed amended to conform to the proof, and the plaintiff is awarded summary judgment in the sum of $22,985.39 plus interest on the respective components thereof from the respective due dates.
[Portions of opinion omitted for purposes of publication.]