■ EXPRESS HOME CARE AGENCY, INC., Respondent, v VIP HEALTH SERVICES, INC., Appellant. [713 NYS2d 549] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Kings County (Jones, J.), entered June 22, 1999, as denied its motion for summary judgment dismissing the complaint and for partial summary judgment on the issue of liability on its counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendant's motion which were for summary judgment dismissing the second, third, and fourth causes of action asserted in the complaint and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff employs home health care workers and the defendant is a home health care agency providing home health care services. The parties entered into a contract pursuant to which the plaintiff agreed to provide properly qualified home

care aides for various clients of the defendant, and the defendant agreed to pay the plaintiff a sum based on a rate of $11 per hour of work performed by such aides.

The plaintiff asserted in the complaint that the defendant failed to pay in accordance with the terms of the contract. In its answer, the defendant asserted three counterclaims alleging, *inter alia*, that the plaintiff had breached the agreement by failing to provide home health care aides who were properly qualified. The record shows that a certain percentage of the aides were unqualified.

Since the parties' contract was divisible, the plaintiff's entitlement to compensation for the services performed by the aides who were fully qualified should not be defeated solely because the plaintiff also furnished a number of aides who were not properly qualified (*see, Medecon Off. Sys. v Patterson, Zimmerman & Hodes,* 166 AD2d 694; *Scavenger, Inc. v GT Interactive Software,* 273 AD2d 60; 22 NY Jur 2d, Contracts, §§ 357, 358). The Supreme Court was therefore correct in denying that branch of the defendant's motion which was for summary judgment dismissing the first cause of action to recover damages for breach of contract. However, the remaining causes of action alleging, *inter alia*, unjust enrichment, are based on the same allegations contained in the first cause of action. Since the plaintiff is not alleging tort liability or breach of a duty distinct from, or in addition to, the breach of contract cause of action, those causes of action should have been dismissed (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *Erdheim v Matkins,* 259 AD2d 515; *Layden v Boccio,* 253 AD2d 540).

The appellant's remaining contentions are without merit. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.