OPINION OF THE COURT
Memorandum.
Order unanimously modified by dismissing plaintiffs first cause of action and, as so modified, affirmed without costs.
By its second and third causes of action, which are duplicative, plaintiff seeks judgment for “an amount exceeding $12,080.30” for unpaid common charges (through May 1997), late charges, interest, accelerated charges and other charges.
Plaintiff moved for summary judgment against defendant for the sum of $22,985.39, which included moneys for common charges defendant failed to pay through September 1999 (and which were not demanded in its complaint). The District Court generally only has jurisdiction over actions where the amount sought to be recovered does not exceed $15,000, exclusive of interest and cost (UDCA 201, 202; cf., UDCA 208 [b]). A court cannot expand its jurisdiction and cannot exceed its monetary jurisdictional limits (cf., Marine Midland Bank v Bowker, 59 NY2d 739). Nonetheless, if several causes of action are asserted in the complaint, and each of them would be within the jurisdiction of the court if sued upon separately, the District Court may render judgment in excess of $15,000 if such excess results solely because of such joinder (UDCA 211). We find that the court below did not exceed its monetary jurisdictional limits when it granted plaintiff summary judgment in the principal sum of $22,985.39.
It is well-settled law that a court has the discretion to, sua sponte, amend pleadings to conform to the proof so long as there is no prejudice to the defendant (see, CPLR 3025 [c]; Rennert Diana & Co. v Kin Chevrolet, 137 AD2d 589). In the case at bar, the court below, in its analysis, recognized that plaintiff could have instituted a separate District Court action to recover the common charges accrued and owing subsequent to the commencement of the instant action (i.e., from June 1997 through Sept. 1999). If plaintiff had done so, there would have *40 been two District Court actions pending simultaneously, each within the monetary jurisdictional limit of the court (which would not be in contravention of the splitting doctrine). Instead, as a matter of judicial economy, the court below acted well within its discretion when it, in effect, joined the separately maintainable cause of action for the subsequently accruing common charges with the existing causes of action (see, UDCA 211).
We find that this did not prejudice defendant since the law is clear that a condominium owner cannot withhold payments of common charges due to maintenance failures or other disputed acts of the condominium board (Rivermist Assn. v Davis, 251 AD2d 1039; Board of Mgrs. v Baker, 244 AD2d 229; Frisch v Bellmarc Mgt., 190 AD2d 383). The court below had separate but joined causes of action before it, together totaling $22,985.39, and each within the monetary jurisdiction of the court if sued upon separately. Accordingly, pursuant to UDCA 211, the court properly awarded judgment for $22,985.39.
By its first cause of action,* plaintiff seeks to recover $12,080.30, which includes the enforcement of a $9,261.68 condominium lien it obtained against defendant. We find that the court below did not have subject matter jurisdiction over the first cause of action and erroneously determined that a mechanic’s lien and a condominium lien are analogous.
A mechanic’s lien is a statutory lien on buildings and other improvements on realty, and on the realty itself, in favor of contractors, materialmen, and other classes of workers, to secure to them priority or preference in the payment of compensation for their work or material (Tommasi v Archibald, 114 App Div 838; 76 NY Jur 2d, Mechanics’ Liens, § 2; 16 Carmody-Wait 2d, NY Prac § 97:1, at 17). A condominium lien, on the other hand, enforces the contractual obligation of a condominium unit owner to pay common charges. Such a contractual obligation has nothing to do with contractors, material-men and other classes of compensation for work or material. Clearly, it is distinguishable from a mechanic’s lien. UDCA 203 solely confers jurisdiction on the District Court over “an action for the establishment of a mechanic’s lien * * * and to recover a personal judgment for the amount due.”
Accordingly, we find that the court below did not have subject matter jurisdiction over plaintiffs first cause of action, which *41 seeks to enforce the $9,261.68 condominium lien, and it could not award summary judgment as to that cause of action.
Floyd, P. J., Doyle and Winick, JJ., concur.

 The portions of the opinion which discussed this cause of action were omitted from the officially reported version for purposes of publication (see, 185 Misc 2d 353, 358).