OPINION OF THE COURT
Delores J. Thomas, J.
*236 Defendant moves for an order dismissing this action on the ground that this court lacks subject matter jurisdiction in accordance with CCA 202.
Plaintiff and defendant entered into a contract in August 2001, whereby plaintiff would review and audit the telecommunication bills received by defendant and determine whether defendant had incurred overcharges or billing errors, and whether defendant was entitled to lower rates and/or credits. Defendant further agreed to negotiate with the telecommunication providers and prepare all necessary paperwork. In accordance with the contract, plaintiff was to receive 35% of all overcharges recovered and 35% of any future savings that defendant received from a rate reduction negotiated by plaintiff, for a period of one year from the date of the rate reduction.
Plaintiff commenced this action by service of a summons and complaint dated October 3, 2003, containing four causes of action.
In the first cause of action plaintiff contends that it obtained a refund check on August 1, 2002 from Verizon in the sum of $19,889.96; that its fee was $6,961.49; that it billed defendant by invoice dated August 14, 2002; and that defendant received the invoice and did not protest or object to it.
Similarly, in the other three causes of action, plaintiff alleges that on three separate occasions it obtained credits for defendant, billed defendant for its fee, and defendant retained the invoice without objection or protest.
Defendant claims that since all of plaintiffs claims arise from one contract, all the claims are for one cause of action for breach of contract, and since the aggregate sum which plaintiff seeks is in excess of $25,000, this court does not have subject matter jurisdiction over the case, pursuant to CCA 202, which limits this court’s jurisdiction to $25,000.
Plaintiff claims that since defendant willfully defaulted, defendant should not be permitted to raise the issue of subject matter jurisdiction at this time. In addition, plaintiff claims that since it is seeking recovery for separate acts and services it provided for plaintiff, it has properly alleged four separate causes of action and that accordingly, this court has subject matter jurisdiction pursuant to CCA 211, which provides a jurisdictional limit of $25,000 per cause of action.
Plaintiff is incorrect in its claim that defendant may not raise the claim of subject matter jurisdiction since it is in default.
*237 Lack of subject matter jurisdiction is a nonwaivable defense which can be raised at any time, even when a party is in default (Gelin v Lehman Coll., 254 AD2d 119 [1st Dept 1998], lv denied 92 NY2d 818 [1999]). Where a party who initially raises a claim that the court lacks subject matter jurisdiction, withdraws it, the court may still, sua sponte, dismiss the action if the court determines that it lacks subject matter jurisdiction (Matter of Watervliet Hous. Auth. v Bell, 262 AD2d 810 [3d Dept 1999]). If this court lacks subject matter jurisdiction, it does not have the power to enter a default judgment against defendant.
The issue before the court is whether the contract entered into between the parties is divisible or not.
“The true distinction between demands or rights of action which are single and entire, and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. Perhaps as simple and safe a test as the subject admits of, by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements.” (Secor v Sturgis, 16 NY 548, 558 [1858].)
In a divisible contract the performance by one party of a particular division of the contract makes the other party liable for its performance of that division (22 NY Jur 2d, Contracts § 269).
Where sums are due periodically under one contract, such as monthly rent, a party is required when bringing a lawsuit to include therein all sums due to date, and if the party fails to so do, he will be barred from bringing a further suit for sums which were due at the time of the commencement of the first action, under the rule which prevents splitting of causes of action (Board of Mgrs. of Mews at N. Hills Condominium v Farajzadeh, 185 Misc 2d 353 [Nassau Dist Ct 2000], affd as modified 189 Misc 2d 38 [App Term, 2d Dept 2001]; A & J Enter. Solutions, Inc. v Business Applications Outsourcing Techs., Inc., 11 Misc 3d 173 [Nassau Dist Ct 2005]).
Thus, if the subject contract is divisible, then each claim for a commission for a refund or credit obtained would be considered a separate division of the contract, and this court would have subject matter jurisdiction.
Each cause of action listed in the complaint would then actually be considered a separate cause of action. The court would *238 then have subject matter jurisdiction pursuant to CCA 211, since plaintiff does not seek in excess of $25,000 on any one cause of action. On the other hand, if the contract is considered entire and not divisible, then in reality plaintiff merely has one cause of action for breach of contract, and since the aggregate sum sought by plaintiff exceeds $25,000, this court would be deprived of subject matter jurisdiction pursuant to CCA 202.
Whether a contract is entire or divisible is to be determined from the intention of the parties, and the intention is to be deduced from the contract itself, and the rules of construction governing the ascertainment of intention (First Sav. & Loan Assn. of Jersey City, N.J. v American Home Assur. Co., 35 AD2d 344 [1st Dept 1970], affd 29 NY2d 297 [1971]; Board ofMgrs. of Mews at N. Hills Condominium v Farajzadeh, supra; 22 NY Jur 2d, Contracts § 269, supra).
In Westbury Wholesale Produce Co. v Maine Maid Inn (186 Misc 2d 911 [Nassau Dist Ct 2000]), plaintiff sought to recover for 15 shipments of fresh produce which it shipped to defendant on different days, under separate invoice. In order to come within the jurisdictional limits of the Commercial Part of Small Claims Court, plaintiff commenced four separate actions. Defendant sought to have the four actions consolidated and then dismissed as exceeding the monetary jurisdiction of the court. The court held that each delivery was a separate transaction and that the court had jurisdiction.
In Rielly v Naftal (300 AD2d 811 [3d Dept 2002]), plaintiff sought to recover for unpaid commissions earned from real estate sales while plaintiff worked as a salesperson for defendant. On appeal, defendant claimed that the justice court had exceeded its monetary limit of $3,000. In holding that the justice court had jurisdiction, the Appellate Division stated as follows: “Here, plaintiff brought three separate and distinct claims to recover commissions with respect to three different transactions involving three separate parcels and three different clients. Each claim differs in amount and gives rise to separate defenses depending upon the extent and quality of plaintiffs work” (at 812 [citation omitted]).
In Medecon Off. Sys. v Patterson, Zimmerman & Hodes (166 AD2d 694 [2d Dept 1990]), the Court held that a contract to provide medical billing services was divisible.
In this case a reading of the contract indicates that plaintiff was to deal with all of defendant’s telecommunication suppliers. The contract also provides that plaintiff was to receive a com *239 mission for each refund or credit it obtained for defendant. The complaint indicates that plaintiff obtained credits or refunds for defendant from two separate entities, Verizon and MCI. In addition, the complaint indicates that plaintiff obtained four credits or refunds on four separate dates: August 1, 2002; November 25, 2002; January 25, 2003; and May 8, 2003. Finally, the complaint indicates that plaintiff obtained a credit for four separate telephone numbers of defendant.
Taking all of the above into consideration, the contract herein was divisible. Plaintiff seeks its fee for separate acts performed over a long period of time. Plaintiff obtained the refunds or credits from different entities. The contract cannot be read so as to provide that defendant would not be liable to plaintiff until plaintiff obtained all the refunds or credits possibly due defendant. The contract did not contemplate that only one fee would be paid after all the credits and refunds were obtained. Rather, the contract contemplated that a fee would be paid after each refund or credit was obtained.
Thus, the subject complaint merely joins separate causes of action, and since the amount sought on each cause of action does not exceed the monetary jurisdiction of this court, this court has subject matter jurisdiction over this case pursuant to CCA 211.
The case of UFI, Inc. v M & H Wm. Corp. (NYLJ, Sept. 13, 1993, at 25, col 2 [Civ Ct, NY County]), cited by defendant, does not lead to a contrary result. In that case, plaintiff and defendant entered into a contract, whereby plaintiff was to lease various uniforms and industrial garments to defendant and to provide cleaning and laundering services. Defendant further agreed that in the event it terminated the contract prematurely, it would buy the leased clothing as set forth in the contract. After defendant prematurely terminated the contract, plaintiff commenced an action in Civil Court. The complaint contained two causes of action, one for cleaning services rendered and the second based on the uniform purchase clause. The aggregate sum sought by plaintiff exceeded the jurisdictional limit of the court. The court dismissed the action on the ground that plaintiffs action did not contain two truly separate causes of action, but only one claim for breach of contract, the demand of which exceeded $25,000, the jurisdictional limit of the court.
This case is distinguishable from the UFI case. In the UFI case, the contract was clearly not divisible. It was a contract to provide cleaning services, with a penalty buyout clause. In this *240 case, the contract contemplated separate acts dealing with separate entities.
Accordingly, defendant’s motion to dismiss is denied. All stays are vacated.