OPINION OF THE COURT
Memorandum.
Judgments reversed without costs, plaintiff’s motion for summary judgment denied, and, upon searching the record, summary judgment is awarded to defendants dismissing the actions.
Plaintiff, a homeowner’s association, commenced the instant actions to recover unpaid common charges and late fees. In the first action, plaintiff sought to recover such charges and fees for the period from June 30, 2003 until April 1, 2004. In the second action, plaintiff sought to recover such charges and fees for the period from April 1, 2004 until September 1, 2004. Thereafter, plaintiff moved, by “consolidated notice of motion,” for summary judgment in both actions, and defendants opposed on various grounds, including that the late fees imposed were excessive. The lower court granted plaintiffs motion, and the instant appeal ensued.
When more than one installment is due upon a contract, the claims for all installments are merged into a single cause of action and must be included in a single action (Kennedy v City of New York, 196 NY 19, 25 [1909]; 1 NY Jur 2d, Actions § 54). Here, plaintiff simultaneously commenced two separate actions, one to recover $3,000 and the other to recover $2,403, representing unpaid common charges and late fees for different time periods based on a single cause of action. It is apparent that plaintiff did so because the Justice Court’s monetary jurisdictional limit is $3,000. The monetary jurisdictional limit of the court cannot be circumvented in this manner. “A single cause of action may not be divided merely for the convenience of the plaintiff in seeking a forum” (2B Carmody-Wait 2d § 16:3; see Dusenbury v Habisreitinger, 72 Misc 61 [App Term 1911]). Since plaintiff’s cause of action is in fact an indivisible claim for $5,403, it exceeds the jurisdictional limit of the court, and the actions should have been dismissed.
In view of the foregoing, this court does not reach the issue of whether the late charges imposed are unreasonable and confiscatory (see Sandra’s Jewel Box v 401 Hotel, 273 AD2d 1 [2000]; 943 Lexington Ave. v Niarchos, 83 Misc 2d 803 [App *89 Term, 1st Dept 1975]; Spring Val. Gardens Assoc. v Earle, 112 Misc 2d 786 [Rockland County Ct 1982]).
Rudolph, EJ., Angiolillo and Lippman, JJ., concur.