[4 NYS3d 812]

BAY CREST ASSOCIATION, Respondent, v LOUIS PAAR, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, January 15, 2015

**APPEARANCES OF COUNSEL**

*Louis Paar*, appellant pro se.

*Hamburger, Maxson, Yaffe, Knauer & McNally, LLP*, Melville (*William P. Caffrey, Jr.* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgment is modified by reducing the amount awarded plaintiff to the principal sum of $15,000; as so modified, the judgment is affirmed, without costs.

Plaintiff Bay Crest Association (Association) was incorporated in 1905 to own and operate a private community known as Bay Crest, located in the Village of Huntington Bay in Suffolk County. In this action, it seeks to recover unpaid annual assessments from defendant for calendar years 2009 and 2010, as well as attorney's fees. Following the joinder of issue, the District Court ordered that this action be jointly heard with *Bay Crest Assn. v DeLisi*, the appeal in which action is decided herewith (46 Misc 3d 138[A], 2015 NY Slip Op 50076[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015] [the *DeLisi* action]). Thereafter, plaintiff moved for summary judgment, and defendant cross-moved jointly with Suzanne DeLisi, the defendant in the *DeLisi* action, for summary judgment. Plaintiff's motion was granted, and the cross motion was denied. Plaintiff was awarded, against defendant Paar, the sum of $14,338.50, covering annual assessments for calendar years 2009 and 2010, as well as attorney's fees of $7,830, for a total principal sum of $22,168.50. This appeal by defendant ensued.

For the reasons stated in our decision in the *DeLisi* action, we find that the District Court properly awarded plaintiff the annual assessments, which here were in the sum of $14,338.50.

However, the judgment must be modified on the ground that it exceeds the $15,000 monetary jurisdictional limit of the District Court (UDCA 202). The complaint purported to state three separate causes of action: one for defendant's annual assessment for 2009, in the sum of $7,169.25; one for his 2010 annual assessment, in the sum of $7,169.25; and one for plaintiff's reasonable attorney's fees and expenses. While a judgment of the District Court may exceed the court's jurisdictional limit where the judgment is based upon multiple separate and distinct causes of action, each of which would be within the monetary jurisdiction of the court if sued upon separately (*see* UDCA 211; *see also Board of Mgrs. of Mews at N. Hills Condominium v Farajzadeh*, 189 Misc 2d 38, 39 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]), this is not such a case.

Plaintiff's authority to make annual assessments derives from article III, § 7 of its bylaws, while its authority to charge for the costs, including reasonable attorney's fees, incurred in enforcing stockholder obligations, derives from article III, § 8 of its bylaws. Sections 7 and 8 of article III of plaintiff's bylaws are interdependent. We find that plaintiff's claims for 2009 and 2010 assessments, both of which had accrued at the time plaintiff commenced this action, were part of a single cause of action (*see Swiss Hamlet Homeowners Assoc., Inc. v Souza*, 13 Misc 3d 87, 88 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; *see also Rocco v Badalamente*, 20 Misc 3d 130[A], 2008 NY Slip Op 51414[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). We further conclude that plaintiff's claim for attorney's fees was part of the same, single, cause of action as its claim for annual assessments (*see 930 Fifth Corp. v King*, 42 NY2d 886, 887-888 [1977]; *cf. Board of Mgrs. of Amherst Condominium v CC Ming [USA] Ltd. Partnership*, 308 AD2d 380 [2003] [where bylaws expressly authorized the recovery of legal fees incurred in one action by means of subsequently imposed common charges, the plaintiff did not impermissibly split a cause of action by bringing a separate action for attorney's fees after prevailing in an action for common charges]). Consequently, plaintiff's recovery was subject to the $15,000 jurisdictional limit of the District Court (UDCA 202). Since plaintiff's recovery for unpaid assessments was in the sum of $14,338.50, we conclude that plaintiff may recover only $661.50 in attorney's fees.

Accordingly, the judgment is modified by reducing the amount awarded plaintiff to the principal sum of $15,000.

MARANO, J.P., TOLBERT and GARGUILO, JJ., concur.