Utopia Heart Care, P.L.L.C., Respondent,
against
Gramercy Cardiac Diagnostic Services, P.C., Appellant.




The Law Offices of Charles A. Singer (Charles A. Singer of counsel), for appellant.
Manmohan K. Bakshi of counsel, for respondent.

Appeals from (1) an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered November 1, 2016, and (2) a judgment of that court entered February 3, 2017. The judgment, entered pursuant to the November 1, 2016 order denying defendant's motion for partial summary judgment and granting plaintiff's cross motion for summary judgment in the principal sum of $26,000, and pursuant to a so-ordered stipulation of that court dated December 5, 2016 in which it was agreed that plaintiff's attorney's fees were $6,000, awarded plaintiff the total sum of $33,992.25.




ORDERED that the judgment is reversed, without costs, the so-ordered stipulation dated December 5, 2016 and the order dated November 1, 2016 are vacated, and the complaint is dismissed for lack of subject matter jurisdiction.
Plaintiff commenced this action in the Civil Court, Queens County, to recover the principal sum of $26,000 based on defendant's alleged breach of a "Space and Equipment License Agreement" (Agreement) by which defendant agreed to rent space and equipment. The complaint contains three causes of action (breach of contract, account stated and quantum meruit), each seeking $26,000 based on defendant's alleged breach of the Agreement in that defendant had failed to pay the monthly rent of $6,500 for the months of February, March, April and May 2016. Thereafter, defendant moved for partial summary judgment, and plaintiff cross-moved for summary judgment in the sum of $26,000, plus attorney's fees. The Civil Court, by order entered November 1, 2016, denied defendant's motion and granted plaintiff's cross motion. Pursuant to a so-ordered stipulation dated December 5, 2016, it was agreed that plaintiff's attorney's fees amounted to $6,000. A judgment was entered awarding plaintiff the total sum of $33,992.25.
The jurisdiction of the Civil Court is limited to actions and proceedings where the amount sought to be recovered does not exceed $25,000 (CCA 202). When more than one installment is [*2]due upon a contract, the claims for all installments are merged into a single cause of action and must be included in a single action (see Kennedy v City of New York, 196 NY 19, 25 [1909]; Swiss Hamlet Homeowners Assoc., Inc. v Souza, 13 Misc 3d 87 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Thus, plaintiff's claim for four months' rent of $6,500 constituted a single cause of action for $26,000, which exceeded the monetary jurisdiction of the Civil Court. We incidentally note that a claim for attorney's fees is also part of the same cause of action (Bay Crest Assn. v Paar, 47 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Accordingly, the judgment is reversed, the so-ordered stipulation dated December 5, 2016 and the order dated November 1, 2016 are vacated, and the complaint is dismissed for lack of subject matter jurisdiction.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2019