Alexander W. Kramer, J.
Motion by plaintiffs to strike the affirmative defense in defendants’ answer.
The complaint herein alleges the furnishing of various materials and the rendition of carpentry services pursuant to an agreement; the breach of said agreement by the defendants; the filing of a notice of lien in the County Clerk’s office within four months after completion of the last item of work; the service of copies thereof on the defendants; the deposit by the defendant Nardiello of the sum of $1,302.38 with the County Clerk; the transmittal thereof by the County Clerk to the County Treasurer for the purpose of canceling and discharging the lien of record. The complaint then concludes:
*514 “ Wherefore, plaintiff demands judgment:
‘ ‘ 1. That the Court grant a judgment establishing the validity of the aforesaid notice of lien.
‘1 2. That the Court order the Treasurer of Suffolk County to pay to the plaintiff the sum of $1,302.38 with interest thereon from October 5, 1967, which said sum is on deposit with the Treasurer of Suffolk County for the purpose of discharging the lien herein to be established.
‘ ‘ 3. That the plaintiff have such other and further relief as to this Court may seem just and proper.”
The affirmative defense, the object of this motion, pleads the failure of plaintiffs to join four entities named therein as necessary parties by virtue of section 44 of the Lien Law.
Section 203 of the Uniform District Court Act provides as follows: “ The court shall have jurisdiction of an action for the establishment of a mechanic’s lien on real property located in whole or in part within a district of the court in the county, and to recover a personal judgment for the amount due, where the lien asserted does not, at the time the action is commenced, exceed $6,000.”
The action to establish a mechanic’s lien in any court is governed by the provisions of the Lien Law for an action in a court not of record. The lien will be enforced by execution as a judgment is enforced. A personal judgment against the defendant may be obtained if personal service is had. (Young, Uniform District Court Practice, pp. 36-37.)
While the District Court is a court of record, it would nevertheless appear that, in an action to establish a mechanic’s lien, plaintiff may only demand a personal judgment pursuant to sections 46 to 50 of the Lien Law.
In Bowerman v. Stahl (92 N. Y. S. 2d 842, 843) plaintiff sought to enforce a mechanic’s lien filed against certain real property owned by defendant.
The court said: “ This Court has no jurisdiction in such an action if it be considered one to foreclose a mechanic’s lien. Rochester City Court Act, §§ 488, 521, Laws 1918, c. 495, § 10; Justice Court Act, §§ 2, 3, 4; Faville v. Hadcock, 39 Mise. 397, 399, 400, 80 N. Y. S. 23, 24, 25; H. D. Fisher Co. v. Lincoln-Rochester Trust Co., 195 Mise. 983, 88 N. Y. S. 2d 565. However, because of plaintiff’s reliance upon the Lien Law of the State of New York, particularly Sections 17, 41 and 46, it seems proper to clarify the powers of this Court in this action. While Sections 46 through 50 of the Lien Law set forth the procedure to be followed in an action to enforce a mechanic’s lien against *515 real property in a court not of record, an examination of the cases on the subject — of which there appear to be few — indicates that when an action such as the one at bar is brought, the complaint and prayer for relief should be treated as a demand for personal judgment only and a determination be made upon this basis. Faville v. Hadcock, supra; Pearce v. Knapp, 71 Mise. 324, 127 N. Y. S. 1100; Pearce v. Kenney, 152 App. Div. 638, 137 N. Y. S. 475; North Side Hoisting Company v. Southern Surety Company, 94 Mise. 167, 157 N. Y. S. 903. In Faville v. Hadcock, supra, the action was to foreclose a mechanic’s lien and after pointing out the relief which might be had in a court of record, the Court said 39 Mise, at page 400, 80 N. Y. S. at page 25: ‘ But in courts not of record no such proceedings are had. The action proceeds as a personal one upon the agreement set forth in the notice of lien. There is no provision for the adjustment of equities among other lienors and incumbrancers, if any should exist, and the judgment is enforced by execution in the same manner, and subject to the same limitations and restrictions, as judgments in actions at law, except that the sale is of the interest of the owner at the time of the filing of the lien, and not from the entry of the judgment. Strictly speaking, it is an action at law, and in no sense an action in equity ’.”
This court lacks the equitable jurisdiction necessary to foreclose a mechanic’s lien against real property. It does, however, have jurisdiction of an action brought to establish a lien and to recover a personal judgment for the amount found to be due. Upon the recovery of such a personal judgment, plaintiffs would then be free to proceed against the fund in question pursuant to CPLR 5225 or to pursue any other remedy with respect thereto in accordance with the Lien Law or any other pertinent statute.
The motion to strike the affirmative defense is therefore granted on condition that the plaintiffs serve an amended complaint within 10 days of the entry of the order to be entered hereon, wherein paragraph “ 2 ” of the ‘ ‘ Wherefore ’ ’ clause shall be amended so as to provide: “ 2. That Plaintiffs recover a personal judgment against the defendants for the sum of $1,300.00; with interest thereon from August 17th, 1967.”
The defendants shall then have 10 days within which to answer said amended complaint or move with respect thereto.