Ralph Diamond, J.
This is a motion hy the defendant to increase his counterclaim from $10,000 to $22,649.92. The plaintiff opposes the motion on the ground that subdivision (b) of section 208 of the Uniform District Court Act, which provides that the court shall have jurisdiction “ Of any counterclaim for money only, without regard to amount ’ ’ is unconstitutional.
The interesting question thus presented is whether the District Court which has limited monetary jurisdiction, has unlimited monetary jurisdiction as to counterclaims. This appears to be a question of first impression.
The District Court is not a court of general jurisdiction and therefore has only those powers and jurisdiction expressly conferred by the Constitution and by the Legislature pursuant to the authority of the Constitution. (Griswold v. Sheldon, 4 N. Y. 581.)
In order to determine whether the District Court has unlimited monetary jurisdiction with respect to counterclaims, the court has considered the following: Article VI (§ 15, subd. b; § 16, subd. d) of the New York Constitution, subdivision (b) of section 208 of the Uniform District Court Act and subdivision b of section 208 of the New York City Civil Court Act.
Subdivision (b) of section 208 of the Uniform District Court Act and subdivision (b) of section 208 of the New York City Civil Court Act contain the following identical language: * ‘ The court shall have jurisdiction of counterclaims as follows: * * * (b) Of any counterclaim for money only, without regard to amount.”
The language is clear and unambiguous. It is obvious that the Legislature intended to give unlimited jurisdiction to both the District Court and the New York City Civil Court in cases involving counterclaims for money only. A different legislative intent was demonstrated when the Legislature placed a monetary limitation on counterclaims for the rescission or reformation of the *1011 transaction upon which a plaintiff’s cause of action is founded. The limitation is $6,000 in the District Court and $10,000 in the New York City Civil Court. (UDCA, § 208, subd. [c]; CCA, § 208, subd. [c], par. 1.)
The court concludes that the Legislature clearly intended to grant unlimited jurisdiction on counterclaims for money only to both courts. The court must next consider whether the Legislature acted pursuant to constitutional authority.
Article VI (§ 16, subd. d) of the Constitution reads as follows: ‘ ‘ The district court shall have such jurisdiction as may be provided by law, but not in any respect greater than the jurisdiction of the courts for the city of New York as provided in section fifteen of this article ”.
Article VI (§ 15, subd. b) of the Constitution in part, reads as follows: ‘‘ The court of city-wide civil jurisdiction * * * to enter judgment upon a counterclaim for the recovery of money only shall be unlimited. ’ ’
The constitutional provision granting unlimited monetary jurisdiction on counterclaims given the New York Civil Court is express and explicit. (Art. VI, § 15, subd. b.) The only limitation on the District Court’s jurisdiction as set forth in article VI (§ 16, subd. d), is that it not be “ greater than the jurisdiction ” of the Civil Court. The unlimited counterclaim for money only jurisdiction (UDCA, § 208, subd. [b]) is identical and therefore ‘1 not greater ’ ’ than the counterclaim jurisdiction of the New York City Civil Court Act. It therefore follows that the Constitution in granting unlimited monetary jurisdiction to the Civil Court with respect to counterclaims has in effect granted the same jurisdiction to the District Court.
The court concludes that the Legislature had the constitutional authority to grant the District Court unlimited monetary jurisdiction of counterclaims.
The court finds no merit to plaintiff’s contention that “ under the State Constitution, only the Supreme Court has jurisdiction for the recovery of money only in an unlimited amount. ’ ’ Article VI (§ 15, subd. d) of the Constitution does not in any way limit the jurisdiction of the Supreme Court as set forth in article VI (§ 7) and the mere fact that another court is given unlimited monetary jurisdiction as to counterclaims does not conflict with the Supreme Court’s jurisdiction.
The court, for the reasons given above, grants the defendant’s motion to increase his counterclaim to $22,649.92.