OPINION OF THE COURT
Memorandum.
Order unanimously modified by denying that branch of the *807 motion that sought dismissal of plaintiffs action for the reasonable value of work, labor and services rendered and remanding the matter to the court below for all further proceedings on said cause of action; as so modified, affirmed without costs.
Plaintiff, a licensed home improvement contractor, instituted this action to recover the balances due for work, labor and services performed on the subject premises and to foreclose on a mechanic’s lien filed against said premises. The court granted defendants’ CPLR 3212 motion dismissing the action noting that since plaintiff engaged nonlicensed independent contractors to perform the work, it was precluded from enforcing its contract with defendants (see, Westchester County Administrative Code §§ 863.312, 863.313).
The purpose of requiring a home improvement license is so that the owner has an entity that can be held accountable for any abuses and fraudulent practices (see, Westchester County Administrative Code § 863.311). Here, plaintiff, a licensed contractor, is in direct privity with the owners defendants and therefore accountable in breach of contract for any and all damages. In view of the foregoing, the cause of action for work, labor and services can be maintained even though the subcontractors were not licensed. The action to foreclose on the mechanic’s lien was properly dismissed as the City Court lacks jurisdiction to entertain such actions (see, UCCA 203; Lien Law § 41; Fedoryk v Fort Salonga Mgt. Co., 56 Misc 2d 513; Bowerman v Stahl, 92 NYS2d 842).
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.