OPINION OF THE COURT
Memorandum.
*698 Plaintiffs action, instituted in the Small Claims Part of the District Court, which seeks to recover money damages, in essence also seeks reformation of a contract based on mistake and/or fraud (see generally, Chimart Assoc. v Paul, 66 NY2d 570, 574). The jurisdiction of the Small Claims Part of the District Court is limited to “any cause of action for money only not in excess of three thousand dollars” (UDCA 1801 [emphasis added]). The small claims court, therefore, was without jurisdiction to grant the relief sought by plaintiff, which is equitable in nature (see, Menkis v Whitestone Sav. & Loan Assn., 78 Misc 2d 329). Accordingly, the judgment is reversed and the action dismissed without prejudice to plaintiff, if she be so advised, to renewal in the appropriate forum.
We note that the statute confers the District Court, as well as the Civil Court and City Court with jurisdiction over counterclaims for rescission or reformation (see, UDCA 208 [c]; CCA 208 [c] [1]; UCCA 208 [c]). However, while the New York City Civil Court Act also specifically provides that the Civil Court “shall have jurisdiction of actions for rescission or reformation” (CCA 213), there is no comparable provision in the Uniform District Court Act conferring such equitable jurisdiction. The District Court is a court of limited jurisdiction and hence possesses no equity jurisdiction except as specifically conferred upon it by statute (NY Const, art VI, § 15; Petrides v Park Hill Rest., 265 App Div 509).
Floyd, P.J., Doyle and Winick, JJ., concur.