OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $8,000.
Plaintiff commenced this action to recover the principal sum of $8,000 for breach of a contract of sale of real property, and defendant interposed a counterclaim. Plaintiff, a tenant in common in the real property located at 17 Pidgeon Hill Road, Huntington Station, New York, had agreed to sell his interest therein to defendant, the other tenant in common. The contract of sale, dated March 12, 2010, provided that defendant was to pay plaintiff $25,000 upon the execution of a bargain and sale deed transferring title to defendant as the sole owner of the real property. The contract of sale further provided that *3 plaintiff could continue to store his equipment at the property “for a maximum of 60 days from the date” of the contract of sale, and that “[immediately upon the permanent removal of all of the equipment from the premises, Evelyn A. Cuggino shall pay the sum of ten thousand ($10,000.00) dollars ... to Peter J. Mágnani, which shall occur no later than 60 days from the date of this agreement.” At a nonjury trial, the evidence established that plaintiff had not removed his equipment within the aforementioned 60-day period, yet defendant paid plaintiff the sum of $2,000 prior to plaintiff’s removal of the equipment.
Following the trial, the District Court dismissed plaintiffs action and the counterclaim. The court found that plaintiff was not entitled to recover the remaining $8,000 due under the agreement, since removal of the equipment within the 60-day period was a condition precedent to plaintiff’s entitlement to be paid the sum of $10,000 by defendant. Plaintiff appeals from so much of the judgment as dismissed his action.
On appeal, plaintiff contends that the contract of sale did not provide for a forfeiture of plaintiff’s right to recover the $10,000 due upon removal of the equipment if he failed to remove the equipment within the 60-day period.
Contrary to the opinion of the District Court, “a contractual duty ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition” (Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581 [1992]). “If the language is in any way ambiguous, the law does not favor a construction which creates a condition precedent” (Ashkenazi v Kent S. Assoc., LLC, 51 AD3d 611, 611 [2008], citing Kass v Kass, 235 AD2d 150, 159 [1997], affd 91 NY2d 554 [1998]). Furthermore, the “law abhors a forfeiture, [and] it is the duty of the court to interpret the agreement strictly in order to avoid such a result” (Boyarsky v Froccaro, 131 AD2d 710, 713 [1987] [internal quotation marks omitted]).
As the contract of sale is silent as to plaintiff’s rights in the event he failed to remove the equipment within the 60-day period, the contract may not be construed to create a condition precedent to plaintiff’s recovery of the balance of $8,000, even though plaintiff’s removal of the equipment occurred after the 60-day period.
Accordingly, the judgment, insofar as appealed from, is reversed, and the matter is remitted to the District Court for the *4 entry of a judgment in favor of plaintiff in the principal sum of $8,000.
Maraño, P.J., and Lannacci, J., concur; Garguilo, J., taking no part.