Polar Bear Mechanical, Inc., Appellant,
against
Walison Corp. and RLI Insurance Company, Respondents, and Abbey Manor Special Needs Apartments, L.P., et al., Defendants.




Marshall M. Stern, Esq., for appellant.
Rogers, McCarron & Habbas, P.C. (Elizabeth V. Marchionni, Esq.), for respondents.

Appeals from orders of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), dated March 9, 2015 and July 23, 2015, respectively. The order dated March 9, 2015, insofar as appealed from as limited by the brief, granted the branch of a motion by defendants Walison Corp. and RLI Insurance Company seeking to dismiss the amended complaint insofar as asserted against them. The order dated July 23, 2015, insofar as appealed from, upon reargument, adhered to so much of the prior order as granted the branch of the motion by defendants Walison Corp. and RLI Insurance Company seeking to dismiss the first cause of action insofar as asserted against them.




ORDERED that so much of the appeal from the order dated March 9, 2015 as is from the portion thereof that granted the branch of the motion by defendants Walison Corp. and RLI Insurance Company seeking to dismiss the first cause of action insofar as asserted against them is dismissed, as that portion of the order was superseded by the order dated July, 23, 2015, made upon reargument; and it is further,
ORDERED that the remainder of the appeal from the order dated March 9, 2015 is dismissed as abandoned (see Nugent v Diocese of Rockville Ctr., 137 AD3d 760 [2016]); and it is further,
ORDERED that the order dated July 23, 2015, insofar as appealed from, is affirmed, without costs.
Defendant Walison Corp. (Walison), acting as a general contractor pursuant to a construction contract with defendant Abbey Manor Special Needs Apartments, L.P. (Abbey Manor), the owner of the premises, hired plaintiff, Polar Bear Mechanical, Inc., as a subcontractor pursuant to a written agreement dated October 9, 2013, wherein plaintiff agreed to provide labor and materials necessary to install an HVAC system at the owner's apartment buildings, for an agreed upon price of $9,500.
The agreement provided, in part, as follows:
"4.10 The obligation of Contractor to make any payment under this Agreement, whether a progress or final payment, or for extras or change orders, is subject to the express condition precedent of payment therefor by Owner and Owner's lender. Owner's and Owner's lender's determination of the percentage complete of Subcontractor's Work shall be final and binding and Subcontractor agrees that in no event shall Subcontractor receive payment from Contractor for a greater proportionate value of the Work than what is approved by Owner and Owner's lender.
. . .
ARTICLE 24. SEVERABILITY
24.1 In the event that any provision or any part of a provision of this Agreement shall be finally determined to be superseded, invalid, illegal or otherwise unenforceable pursuant to applicable law, such determination shall not impair or otherwise affect the validity, legality, or enforceability of the remaining provisions of this Agreement.
. . .
25.4 Limitation of Action
No action or proceeding shall lie or be maintained by Subcontractor against Contractor, Owner or Architect upon any claim, counterclaim or cross-claim arising out of or based upon this Agreement, or by reason of any act or omission or any requirements relating to the giving of notices or information required hereunder, unless such action or proceeding shall be commenced within six (6) months after Contractor receives Subcontractor's final application for payment or, if this Agreement is earlier terminated, within six (6) months following the date of such earlier termination. This Paragraph 25.4 shall not be deemed or construed to modify any other provision hereof relating to waivers of claims by Subcontractor or to extend any period herein specifically provided for the initiation of an action relating hereto."
On December 20, 2013, plaintiff filed a notice of mechanic's lien against Abbey Manor's property in the sum of $9,500, for allegedly unpaid labor and materials. Walison then sent plaintiff a written notice of default, demanding that plaintiff cure an alleged breach of their agreement. Thereafter, Walison sent plaintiff a letter dated January 29, 2014, notifying plaintiff of Walison's early termination of its contract with plaintiff, after plaintiff had allegedly failed to cure its default. Plaintiff commenced this action against Walison and Abbey Manor on October [*2]15, 2014, alleging three causes of action: 1) to foreclose a mechanic's lien, 2) to recover damages for breach of contract, and 3) for unjust enrichment. Thereafter, plaintiff amended the complaint to add RLI Insurance Company (RLI) as a defendant and amended the first cause of action so as to allege, among other things, that Walison had filed a bond in the amount of $10,450, in accordance with Lien Law §§ 19 (4) and 21 (5), with RLI as surety, thereby discharging the lien against the premises. Plaintiff further alleged that it was seeking a "personal judgment" against Walison in the sum of $9,500.
Defendants Walison and RLI moved to, among other things, dismiss the causes of action asserted against them in the amended complaint, pursuant to, among other things, CPLR 3211 (a) (1) and (5), on the ground that the action was time-barred. In support of their motion, the movants argued that, in accordance with the written agreement between plaintiff and Walison dated October 9, 2013, plaintiff was required, but failed, to commence this action within six months following the termination of the agreement pursuant to Walison's notice of termination letter dated January 29, 2014. In opposition, plaintiff argued that the shortened six-month contractual period of limitations is unenforceable because it conflicts with the pay-when-paid provision that requires Walison to be paid by the owner before being required to pay plaintiff.
By order dated March 9, 2015, the District Court granted the branch of the motion seeking to dismiss the amended complaint insofar as asserted against the movants. The court held, among other things, that the action was time-barred because of Walison's "earlier termination" of the agreement, and that the severability provision contained in the agreement did not affect the enforceability of the shortened six-month period of limitations.
Thereafter, plaintiff moved for leave to reargue its opposition to so much of the prior motion as had sought to dismiss the first cause of action insofar as asserted against Walison and RLI. Upon reargument, the District Court adhered to the original determination with respect to the first cause of action, stating that the cause of "action to foreclose on the mechanic's lien was properly dismissed, as the District Court lacks subject matter jurisdiction over such a cause of action." This appeal ensued.
The District Court is a court of limited jurisdiction and has only such powers and jurisdiction as are expressly conferred upon it by the New York State Constitution and by the legislature pursuant to the authority of the Constitution (see Mormon v Acura of Val. Stream, 190 Misc 2d 697 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]; Total Comfort v Alfred Benzenberg, Inc., 75 Misc 2d 1009, 1010 [Nassau Dist Ct 1973]). While the District Court has jurisdiction over an action to establish a mechanic's lien (see UDCA 203 [a] [1]), it is well settled that the District Court lacks subject matter jurisdiction over an action to foreclose a mechanic's lien, since UDCA 203 (a) (1) does not confer such jurisdiction upon it (see Board of Mgrs. of Mews at N. Hills Condominium v Farajzadeh, 189 Misc 2d 38, 40 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]; Fedoryk v Fort Salonga Mgt. Co., 56 Misc 2d 513 [Nassau Dist Ct 1968]; see also Westchester Decorators, Inc. v Perazzo, 182 Misc 2d 806 [App Term, 2d Dept, 9th & 10th Jud Dists 1999] [the similar provision in UCCA 203 grants the City Court jurisdiction over [*3]the establishment of a mechanic's lien but not the foreclosure of a mechanic's lien]; cf. CCA 203 [e]). However, upon a liberal reading of the amended complaint (see CPLR 3026), we find that the first cause of action, in effect, seeks the "establishment of a mechanic's lien on real property [and] to recover a personal judgment for the amount due" (UDCA 203 [a] [1]; see Matter of Lindt & Sprungli USA v PR Painting Corp., 292 AD2d 610, 611 [2002]). Therefore, contrary to the District Court's determination, it did not lack subject matter jurisdiction over the first cause of action (see UDCA 203 [a] [1]).
Next, plaintiff argues that the contractual shortening of the period of limitations is void as against public policy pursuant to Lien Law § 34. We disagree.
It is well settled that parties may contractually agree to shorten the applicable period of limitations (see CPLR 201; Kassner & Co. v City of New York, 46 NY2d 544 [1979]; Certified Fence Corp. v Felix Indus., 260 AD2d 338, 339 [1999]) and, absent proof that the contract is one of adhesion or the product of overreaching, or that the limitations period is unreasonably short (see Certified Fence Corp. v Felix Indus., 260 AD2d at 339; Krohn v Felix Indus., 226 AD2d 506, 506 [1996]; Top Quality Wood Work Corp. v City of New York, 191 AD2d 264 [1993]; Wayne Drilling & Blasting v Felix Indus., 129 AD2d 633, 634 [1987]), the limitations period will be upheld. A six-month period of limitations, identical to the one involved herein, has been upheld (see Kassner & Co., 46 NY2d at 551; Parisi & Sons v Board of Educ., 26 NY2d 810 [1970]). As plaintiff has failed to demonstrate that the contract herein is one of adhesion or the product of overreaching, or that the limitations period is unreasonably short, we find no basis to find it unenforceable. To the extent plaintiff argues that the contractual six-month limitations period constitutes an unenforceable "waiver" of its right to file or enforce a mechanic's lien (see Lien Law § 34; Matter of Feinerman v Board of Coop. Educ. Servs. of Nassau County, 48 NY2d 491, 500 [1979]), we note that the agreement does not provide for such a waiver but rather merely shortens the period within which an action must be commenced.
Plaintiff's argument—that the first cause of action should not have been dismissed as the six-month limitations period is unenforceable because it conflicts with the "pay-when-paid" provision in the contract—is equally without merit. While the "pay-when-paid" provision requires, as a condition precedent, that Walison be paid by the owner before being required to pay plaintiff, the provision is void and unenforceable as contrary to public policy (see Lien Law § 34; West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148 [1995]). Paragraph 24.1 of the agreement expressly provides for the severability of "any provision or any part of a provision . . . determined to be . . . invalid, illegal or otherwise unenforceable," and that such unenforceable provision "shall not impair or otherwise affect the validity, legality, or enforceability of the remaining provisions of this Agreement." Consequently, the unenforceability of the "pay-when-paid" provision does not impair or affect the legality or enforceability of the remaining provision that a proceeding shall be commenced within six months following the date it is "earlier terminated" (see generally Christian v Christian, 42 NY2d 63, 73 [1975]). The six-month period of limitations in which plaintiff was required to commence the action began to run when Walison, pursuant to its letter dated January 29, 2014, terminated the agreement. As the action [*4]was commenced by plaintiff on October 15, 2014, more than six months after the agreement had been terminated, it was time-barred insofar as asserted against Walison and RLI.
Accordingly, the order dated July 23, 2015, insofar as appealed from, is affirmed.
MARANO, P.J., GARGUILO and BRANDS, concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2017