Edmund Unneland and Linda Unneland, Appellants,
against
Greenwood Condominium, Respondent.




Edmund Unneland and Linda Unneland, appellants pro se.
Shapiro, Gettinger, Waldinger & Monteleone, LLP (Mona D. Shapiro of counsel), for respondent.

Appeal from an order of the Justice Court of the Village of Pleasantville, Westchester County (John J. Curley, J.), dated September 26, 2017. The order granted defendant's motion to dismiss the action.




ORDERED that the order is reversed, without costs, and defendant's motion to dismiss the action is denied.
In this small claims action, plaintiffs seek to recover the principal sum of $750, which is the amount of a fee they paid to defendant Greenwood Condominium, but which, plaintiffs allege, defendant's board of managers lacked the authority to assess under defendant's bylaws that were in effect when the fee was charged. Defendant, by its board of managers, moved to dismiss the action, on the ground that the Justice Court lacked subject matter jurisdiction to adjudicate the claim. The Justice Court granted defendant's motion, finding that in order to provide plaintiffs with the monetary relief they seek, it would first be required to make a determination of the parties' rights and obligations under defendant's bylaws, which would be tantamount to a declaratory judgment, a form of relief it lacked jurisdiction to grant.
Condominium bylaws are contracts, governed by principles of contract interpretation (Weiss v Bretton Woods Condominium II, 151 AD3d 905 [2017]; see also Matter of Olszewski v Cannon Point Assn., Inc., 148 AD3d 1306, 1308-1309 [2017]). There is no bar against the [*2]interpretation of contracts by courts of limited jurisdiction in actions for money damages (see e.g. Magnani v Cuggino, 57 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Bay Crest Assn. v Paar, 47 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Globalforce Intl. Inc. v Urostar Mgt. Inc., 2002 NY Slip Op 50650[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). Unlike the plaintiffs in Malcolm v Rockland Toyota (46 Misc 3d 139[A], 2015 NY Slip Op 50085[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]) and Mormon v Acura of Val. Stream (190 Misc 2d 697 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]), plaintiffs herein do not seek the remedy of reformation. We therefore conclude that plaintiffs' claim for a refund falls within the jurisdiction of the Small Claims Part of Justice Court (see UJCA 1801), and that the dismissal of their claim failed to render substantial justice between the parties (see UJCA 1804, 1807).
We note that we do not address issues raised by plaintiffs for the first time on appeal.
Accordingly, the order is reversed and defendant's motion to dismiss the action is denied.
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2018